**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRUSTEES OF THE EQUITY-LEAGUE
PENSION, HEALTH, AND 401(K)
TRUST FUNDS,

       Plaintiffs,

    -against-

PARADISE SQUARE PRODUCTION
SERVICES INC., and BERNARD ABRAMS.

       Defendants.

**COMPLAINT**

**Case No.**

Plaintiffs, the Trustees of the Equity-League Pension Trust Fund ("Pension Fund"),

Equity-League Health Trust Fund ("Health Fund"), and Equity-League 401(k) Trust Fund

("401(k) Fund") (jointly, the "Funds"), by their attorneys Spivak Lipton LLP, bring this action to

collect delinquent employee benefit plan contributions owed by Defendants Paradise Square

Productions Inc. ("Paradise Square") and Bernard Abrams ("Abrams").  Complaining of

Defendants, Plaintiffs respectfully allege as follows:

**JURISDICTION AND VENUE**

  1.  The Court has jurisdiction over the instant action pursuant to Sections 502(a)(3),

502(e)(1), and 502(f) of the Employee Retirement Income Security Act of 1974, as amended

("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1132(f).

  2.  Venue is proper in the Southern District of New York pursuant to ERISA Section

502(e)(2), 29 U.S.C. § 1132(e)(2).

**PARTIES**

  3.  At all relevant times, Plaintiffs have administered and now administer the Funds.

4.      The Pension Fund and Health Fund were established pursuant to collective bargaining agreements on March 23, 1961, and by Agreements and Declarations of Trust (the "Trust Agreements"), which have been amended from time to time.  The 401(k) Fund was established pursuant to collective bargaining agreements on January 25, 2001, and by its Agreement and Declaration of Trust (the "Trust Agreement"), which has been amended from time to time.

5.      The Funds are "employee benefit plans" established under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1). The Funds are administered at 165 West 46th Street, 8th Floor, New York, New York 10036.

6.      The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Actors' Equity Association ("Equity"), to invest and maintain those monies, and to provide retirement and health benefits (including hospitalization, surgical and medical benefits) to those qualified to receive them.

7.      Upon information and belief, at all times relevant hereto, Defendant Paradise Square was and is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business at 1650 Broadway, Suite 608, New York, New York 10019.  At all times relevant hereto, Defendant Paradise Square was engaged in the business of producing a live theatrical show, and was and is, upon information and belief, an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1).

8.      Upon information and belief, at all times relevant hereto, Defendant Abrams is a Producer of live theatrical shows residing at 155 St. Clair Ave West, Toronto, ON M4V 0A1, Canada, with a place of business at 1650 Broadway, Suite 608, New York, New York 10019.  Upon

information and belief, he is an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1).

## FACTS

9.      Paradise Square agreed to be bound by Equity's Agreement and Rules Governing Employment Under the Equity/League Production Contract ("Agreement"). The Agreement obligates Defendants to provide contributions to the Funds for the show "Paradise Square." Relevant portions of the Agreement are attached as Exhibit A.

10.      Article 31 of the Agreement requires that Paradise Square pay contributions to the Health Fund on behalf of each actor per workweek. (Ex. A at 34-35.)

11.      Article 49(C) of the Agreement requires that Paradise Square pay contributions to the Penson Fund in the amount of 6% of each actor's weekly salary. (Ex. A at 58.)

12.      Article 49(F) of the Agreement requires that Paradise Square pay contributions to the 401(k) Fund in the amount of 4% of each actor's weekly salary. (Ex. A at 58.)

13.      Pursuant to Article 49(F) of the Agreement, salary deferral agreements with covered employees, and Article 5 of the 401(k) Plan, Paradise Square agreed to withhold and contribute to the 401(k) Fund the percentage of gross wages as the employee's salary reduction contribution to the 401(k) Fund. Relevant portions of the 401(k) Plan are attached hereto as Exhibit B.

14.      Under the terms of the Agreement, Paradise Square agreed to contribute to the Funds in accordance with the rules and regulations of such Funds and agreed to be bound by the Agreement and Declaration of Trust. (Ex. A, §§ 31(D), 49(A), 49(I)).

15.      Plaintiffs have adopted Contribution and Delinquency Collection Guidelines (the "Collection Guidelines"), which have been amended from time to time, most recently as of January

1, 2021.  The Collection Guidelines are policies and procedures governing the collection of contributions owed to the Funds by contributing employers.

16.     On February 7, 2022, Defendants Paradise Square and Abrams executed a Security Agreement with Equity, a copy of which is attached hereto as Exhibit C.  Defendants Paradise Square and Abrams signed as Producer and Guarantor, respectively.  As signatories to the Security Agreement, Defendants Paradise Square and Abrams are jointly and severally liable for any breach of the terms of the Agreement.  (See Ex. B.)

17.     Defendants are delinquent in their contributions to the Funds for the work weeks ending February 27, 2022 through April 24, 2022 in an estimated principal amount of $33,512.28 of pension contributions; $57,900.00 of health contributions; $45,711.92 of 401(k) employee salary deferrals; and $36,967.12 of 401(k) employer contributions, for a total principal amount of $174,091.32.  This amount, plus interest and liquidated damages, remains due.  Furthermore, the Defendants are continuing to operate without remitting contributions, thus the amount due the Funds is anticipated to increase.

18.     The Funds notified Defendants of their delinquency via letter dated May 6, 2022, which was sent via email to Defendants on that same date.  A copy of the letter is attached hereto as Exhibit D.

## **Violations and Harm**

19.     Defendants' failure to make required payments violates the above-described Agreement, the Security Agreement, the Trust Agreements, Collection Guidelines and applicable provisions of ERISA.  Plaintiffs seek enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii), 29 U.S.C. §1132(a)(3)(b)(ii).

20.     As a result of the above-described omissions, breaches, and violations by Defendants, Plaintiffs may be required either to: (a) deny plan benefits to plan participants employed by Defendants for whom contributions have not been made, thereby causing to such participants substantial and irreparable harm, or (b) provide plan benefits to participants employed by Defendants, notwithstanding Defendants' failure to make the required contributions, thereby reducing the corpus of such Funds and endangering the rights of other plan participants on whose behalf full contributions have been made, all to their substantial and irreparable injury.

21.     Plaintiffs, on their own behalf, and on behalf of all plan participants (i.e. industry employees) for whose benefit the Funds were established, have requested that Defendants perform their obligations, but Defendants have failed to perform as herein alleged.

22.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendants are ordered to specifically perform all its obligations required under the above-described Agreement, the Security Agreement, the Trust Agreements, and ERISA, and are restrained from continuing to fail to perform as thereunder required.

## **FIRST CAUSE OF ACTION**

23.     Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 22 inclusive.

24.     Defendants are liable to Plaintiffs under Section 515 of ERISA, 29 U.S.C. § 1145 for failure to timely pay benefit fund contributions on behalf of their employees and related sums in the following amounts:

(a)     $174,091.32 in unpaid contributions to the Funds, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b)     interest on all unpaid contributions through the date of the judgment pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c)     liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d)     attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);

(e)     costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D);

(f)     all additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## SECOND CAUSE OF ACTION

25.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 24 as set forth above.

26.     By failing to timely remit employee salary deferrals to the 401(k) Fund, the Defendants held "plan assets" as defined under ERISA Section 3(42) and the regulations thereunder, 29 U.S.C. §1002(42); 29 C.F.R. Section 2510.3-102(a)(1). By further allowing those 401(k) Fund assets to be retained in, and commingled with, Paradise Square's general assets, Defendants: (a) violated their fiduciary duties to ensure that plan assets of the 401(k) Fund were held in trust by one or more trustees pursuant to the provisions of Section 403(a) of ERISA, 29 U.S.C. §1103(a); and (b) permitted plan assets of the 401(k) Fund to inure to Paradise Square's benefit, in violation of Section 403(c)(1) of ERISA, 29 U.S.C. §1103(c)(1).

27.    As a direct and proximate result of Paradise Square's actions or omissions, the 401(k) Fund has suffered losses for which Defendants are liable, pursuant to Section 409 of ERISA, 29 U.S.C. §1109.

### THIRD CAUSE OF ACTION

28.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 27 as set forth above.

29.    By failing to timely remit employee salary deferrals to the 401(k) Fund, the Defendants held "plan assets" as defined under ERISA Section 3(42) and the regulations thereunder, 29 U.S.C. §1002(42); 29 C.F.R. Section 2510.3-102(a)(1). By further causing those plan assets of the 401(k) Fund to be retained in and commingled with Paradise Square's general assets, Defendants, acting in their fiduciary capacities: (a) engaged in prohibited transactions in violation of ERISA Section 406, 29 U.S.C. §1106(a); (b) failed to discharge their duties with respect to the 401(k) Fund solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the 401(k) Fund, as required by Section 404(a)(1)(A) of ERISA, 29 U.S.C. §1104(A)(1)(a); and (c) failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by Section 404(a)(1)(B) of ERISA, 29 U.S.C. §1104(a)(1)(B).

30.    As a direct and proximate result of Defendants' repeated failures to discharge their fiduciary duties properly, the 401(k) Fund and the participants and beneficiaries have suffered losses for which Defendants are liable, pursuant to Section 409 of ERISA, 29 U.S.C. §1109.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request a judgment against Defendants:

(a)      for unpaid contributions to the Funds in the amount of $174,091.32, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b)      for interest on said unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c)      for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(d)      for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D), and incurred in the enforcement and collection of a judgment in this action;

(e)      that Defendants be specifically ordered to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs, and fees; and

(f)      for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      May 18, 2022

Respectfully submitted,

/s/

Nicholas J. Johnson
SPIVAK LIPTON LLP
1040 6th Avenue, 20th Floor
New York, NY 10018
Ph: 212- 765-2100
Fax: 212-765-8954
njohnson@spivaklipton.com

*Attorneys for Plaintiffs*